Rita Watty **TABRANI YULIUS;**
et al., Petitioners,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 03–74323.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

David W. Kwan, Las Vegas, NV, for
Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Robbin K. Blaya, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Rita Watty Tabrani Yulius and her son Angelo Brian Clinton, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") denial of their applications for asylum and withholding of removal. Clinton is a minor, and his asylum application is deriva-

tive of Tabrani Yulius'. *See Cardenas v. INS,* 294 F.3d 1062, 1068 (9th Cir.2002). We dismiss in part and deny in part.

We lack jurisdiction to review the BIA's determination that no changed or extraordinary circumstances excused Tabrani Yulius' untimely filing of her application for asylum. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). Accordingly, we dismiss the petition with respect to the asylum claim.

We have jurisdiction under 8 U.S.C. § 1252 to review the BIA's denial of withholding of removal. We review for substantial evidence, and we will uphold the BIA's decision unless the evidence compels a contrary conclusion. *Bellout v. Ashcroft,* 363 F.3d 975, 977–78 (9th Cir.2004).

We deny Tabrani Yulius' petition for review with respect to her application for withholding of removal because she has not shown it is "more probable than not" that she will be persecuted if she returned to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 (9th Cir.2003).

In addition, Tabrani Yulius' contention that the IJ erred by continuing the removal proceedings rather than terminating them is without merit. The authority cited by Tabrani Yulius for this contention is unpersuasive, and nothing in the statute or regulations precluded the IJ from continuing removal proceedings. *See* 8 U.S.C. § 1229a(c)(3); 8 C.F.R. § 1240.8(a).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.